IN THE BANKRUPTCY COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

\*\*\*

| | |
|---|---|
| In Re:<br>Robert J. Chaput<br>Debtor<br><br>--------------------------------------------------------<br><br>Robert J. Chaput<br>Plaintiff<br><br>v.<br><br>John Cianci<br>Defendant | CASE NO. SX-14-BK-10003<br><br>Chapter 13<br><br><br><br>Adversary Action: 14-AP- |

## COMPLAINT

AND NOW, COMES the Plaintiff, through counsel and brings this adversary proceeding pursuant to Fed. R. Bankr. P. 7001 to declare that a self-serving lease entered into by and for the Defendant is of no effect and for damages arising from the Defendants actions. In support herein, the Plaintiff alleges as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This proceeding is a core proceeding.
2. The Plaintiff is a 78 year old Retired Lieutenant Colonel.
3. The Plaintiff's wife Evelyn died in 2009.
4. The Defendant is the adult son of the Plaintiff's widow, Evelyn.
5. The Plaintiff arrived in St. Croix, with his wife approximately 25 years ago and began to acquire rental properties and currently maintains rental properties today as his sole property.
6. The Defendant is an adult resident of St. Croix and moved here in 2010, without invitation, to assist the Plaintiff with managing his property.

7. Shortly after arriving in St. Croix, the Defendant filed bankruptcy in Rhode Island.

8. The Defendant thereafter named himself the property manager of one of the Plaintiff's properties called the Inn at Pelican Heights located at 3(c) and 3(d) Estate St. John.

9. The Defendant has not paid rent to the Plaintiff since arriving in St. Croix close to five years ago and has lived at the Pelican Heights property for more than 4 years, with his wife.

10. The Defendant promised to ease the burden on the Plaintiff of bookkeeping and property management for the Plaintiff.

11. In or around July 2011, the Plaintiff decided to give the Defendant a Power of Attorney to manage his affairs, while the Plaintiff travelled to Rhode Island.  See Exhibit 1, Power of Attorney.

12. Two weeks after the Plaintiff granted a Power of Attorney to the Defendant, the Defendant created a lease and executed it to himself granting himself all of the Plaintiffs real property.  See Exhibit 2, Sham Lease Agreement.

13. The Power of Attorney the Plaintiff executed did not grant the Defendant power to self-deal, the intention was to have the Defendant collect rent, deposit rent and pay expenses.

14. The Plaintiff never saw this purported lease until he attempted to evict the Defendant the following year.

15. The Defendant to the exclusion of the Plaintiff continued to collect rents and did not account for the received income.

16. The Defendant filed a guardianship action after the Plaintiff attempted to evict him and was able to continue to live in the Plaintiff's property rent free, as well as rent his property without remitting the rents.

17. The Plaintiff's home, the subject of this lawsuit thereafter went into default and then foreclosure.  This bankruptcy thereafter ensued.

18. The Plaintiff revoked his Power of Attorney in May 2012.  See Exhibit 3, Revocation of Power of Attorney.

19. The Defendant continued to withhold the rent collected from the rental properties, causing the Plaintiff to fall behind on his mortgage, until his mortgage went into foreclosure.

20. The Defendant has not provided an accounting and has withheld critical records from the Plaintiff.

21. The Defendant has also used the fact that he filed a guardianship action against the Plaintiff to convince the Plaintiff's tenants that the Plaintiff is incompetent and is not to receive rental income.

22. The Defendant has also used this bogus lease to claim creditor status enabling him to attempt to have standing in the Plaintiff's bankruptcy case.

## COUNT I

**(Lease Rescission)**

23. Plaintiff specifically incorporates the previous paragraphs as setout line for line and word for word herein.

24. As the Defendant was the Plaintiff's agent, the Defendant had a duty of loyalty and due care.

25. The Defendant continues to hold the property by force to the exclusion of the Defendant; likewise the Defendant was required from refrain from benefitting himself at the expense of the Plaintiff.

26. In his breach of his obligations, the Defendant failed to safeguard the best interest of the Plaintiff and benefitted himself.

27. As a result of the Defendant's breach of his fiduciary duty, Plaintiff has suffered and continues to suffer, for which there is no adequate remedy at law..

28. The Defendant's actions exceeded the grant of authority by the Plaintiff's power of attorney.

29. The Defendant engaged in an act of self-dealing that caused and continues to cause the Plaintiff damages.

30. The Plaintiff is entitled to declaratory judgment that leasing the Plaintiff's property to the Defendant, by the Defendant was null *ab initio*.
31. The Plaintiff is entitled to have the lease rescinded.

## COUNT II

### (Breach of Fiduciary Duty)

32. Plaintiff specifically incorporates the previous paragraphs as setout line for line and word for word.
33. The Defendant owed the Plaintiff a duty to act in the Plaintiff's best interest.
34. The Defendant breached that duty by self-dealing and putting his own interest before that belonging to the Plaintiff.
35. The Plaintiff suffered damages as a result of the Defendant's wrongful actions and the Plaintiff is entitled to damages.

WHEREFORE, Plaintiff demands judgment, and preliminary and permanent relief, including injunctive and other equitable relief, in his favor and against Defendant as follows:

1. Declaring that the Defendant his fiduciary duties by creating a thirty year lease to own of the Plaintiff's property;
2. Rescinding the lease agreement created by and for the Defendant;
3. Declaring that the lease agreement was void ab initio;
4. Enjoining the Defendant from collecting rent on the Plaintiff's property;
5. Remit back rent to the Plaintiff;
6. Provide an accounting for all rents collected and expenses the Defendant claims he incurred;
7. Evicting the Defendant from the Plaintiff's premises;
8. Ordering that the Defendant pay Plaintiff back rent and other damages from his wrongful actions.
9. Awarding the Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees and costs; and

10. Declare that the Defendant has no status in the Plaintiff's bankruptcy case;

11. Granting such other and further relief as this Court deems just and proper.

          Respectfully Submitted,

Dated: March 25, 2014          By:    /s/Yohana Manning
          Yohana M. Manning, Esq.
          *Attorney for Ricardo Mitchell*
          53A Company St., 2nd Fl.
          2120 Company St., Ste 1
          Christiansted VI 00820-4945
          (P) 340-719-0601 Ext. 102
          (F) 888-364-1967
          Yohana05@gmail.com