IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF U.S VIRGIN ISLANDS- ST. CROIX

In Re:
**ROBERT J CHAPUT,**                            CASE NO. 1:14-bk-10003 MFW

XXXX-XX-0139                                    Chapter 13

    Debtor

**CREDITOR'S OBJECTION TO CHAPTER 13 PLAN DATED MAY 7, 2014**
(Docket No. 18 Page 32)

TO THE HONORABLE COURT:

    **NOW COMES**, John Cianci, Creditor, and very respectfully alleges and prays:

    1. The petition was filed on February 26, 2014 ( Dkt No. 1)

    2. On May 7, 2014 the debtor filed a plan dated May 7, 2014 (DK No. 18 at page 32).

    3. On May 8, 2014 debtor Robert Chaput testified during the 341 Meeting Of Creditors (Dkt. No 13) on debtor's proposed plan and debtor's Attorney Yohanna Manning, Esq.("Attorney Manning") stated to Chapter 13 Trustee Jose R. Carrion ( "Trustee Carrion" ) and creditors, the proposed plan included direct payments from proceeds to ILP McChain Miller Nissman for outstanding invoice of
$39, 364.50 for attorney fees and other future earnings not being turned over to the control and supervision of Trustee Carrion.

    4. On May 30, 2014, **Trustee Carrion filed Trustee's Objection To Chapter 13 Plan Dated** May 7, 2014 ( Dkt. No. 20) and **Motion For Order To Show Cause** (Dkt No. 21).

1

**5. The creditor objects to the proposed plan for the following reasons..**

6. The Chapter 13 Payment Plan does not have debtor's signature , Robert J Chaput and Joint Debtor's signature , Yohanna Manning signature **Block II ATTORNEY FEES**, nore were the documents available to Chapter 13 Trusteee and or creditors duriing the meeting of ccreditors.

7. The trustee and creditors were denied opportunity to review one debtor's documents, Trustee of the Robert J Chaput Living Trust dated November 27, 2012, who has interest in two of debtor real properties listed on Scedule A Real Propperty( Dkt No **18** page 6 of 67 see and during the 341 Meeting Of Creditors on March 18, 2014, debtor testified **HE DID NOT** know who the trustee was.

8. The debtor claims the Chapter 13 Plan dated May 7, 2014 is an AMENDED PLAN Dated May 7, 2014, however, the debtor **had not** previous submitted a Chapter 13 Payment Plan (Dkt No. 3 and Dkt No. 9).

9. The debtor checks all future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor (s) shall make payments to the trustee directly, however:

   a. The payment plan included paying directly from proceeds an invoice for outstanding blanket lien(lien potential value estimated $700,000) for attorney fees for $39,364.50. However, plan debtor submits directs all future earnings to the trustee and under the trustee's supervison and control and payments made from future earnings by Trustee Carrion in accordance with bankruptcy laws and regulations,

2

b. ILP McChain Miller Nissman filing of Proof Of Claim ( Claims Register 3-1 *joe* is not supported with required bankup documentation in accordance with bankruptcy laws and regulations in the Claims Register

c. Debtor testified he is unclear of the amount of outstanding invoice for the lien created for attorney fees .

10. Attorney Manning **denied** Trustee Carrion and creditors request to examine the invoice to support the claim during the 341 Meeting Of Creditors on May 8, 2014 ( enclosed 341 Meeting Of Creditors Dated May 8, 2014)**NOTE 1**; Attorney Manning advised Trustee Carrion and creditors Scot Mcchain, Esq.( "Attorney McChain ") partner in ILP McChain Miller Nissman, is claiming attorney / client privalage and will not provide copy of the document.

11. Debtor testified he was unfamilar with one of the lien holders , Hamilition Management LLC, on the services provided: debtor testified Hamiliton Management LLC. never performed services for the debtor.

12. The lien for attorney fees and oustanding invoice was not reported in the debtor's original bankruptcy filings on March 3, 2014 ( Dkt No. 9 )

13. The lien for attorney fees, according to Scot McChain, Esq, was to insure debtor had legal representation during the guardianship proceeding **Exhibit 1. NOTE 2**

NOTE 1  The CD is a copy of the audio of the May 8, 2014 341 Creditor Hearing obtained by creditor John Cianci from Chapter 13 Trustee Jose Carrion. Trustee Carrion requested permission from the court to record the proceeding, and the court granted approval For Authorization to use Electronic Devices inside Courtroom premises (Dkt. No. 16).

NOTE 2 Attorney Manning represented debtor, Robert Chaput exclusively at all 5 hearings for the guardianship proceeding, and Attorney Manning should have a interest in the lien. The creditor is debtor's step son, and believes based on information told to him, amount of payment sought for payment is excessive, if the lien does not include Attorney Manning legal fees for the guardianship proceeding

3

14. Debtor plan retains additional future earnings of the sale of 55C La Gande Princess, property **not reported** by debtor on Real Property Schedule Dated May 7, 2014. ( Dkt No. 18 page 32 of 67).

Moreover, the sale of the property appears to be between Attorney McChain and potential buyer, as a result of a purchase and sale agreement McChain and Callabash Real Estate signed, MLS 14-425 **Exhibit 2 and Exhibit 3 (submitted as confidential document)**

15. Debtor previous testified during the 341 Meetings Of Creditors on March 18, 2014 55C La Garande Princess debtor's attorneys, Scot McChain and Attorney Manning claim the property was owned by the attorneys **NOTE 3.**

16. The debtor, on information and belief of creditor, since the creditor was privy to information of debtor's financial affairs, does not include outstanding tax payments owed for previous years, 2006  2007, 2008, and 2009. Tax return 2006 /2007  correction to sale of 1097 Eddie Dowling Hgwy, which will result in significant capital gain tax, supported by purchase and sales agreement (Dkt No 18 page 32 of 67); previously debtor falsely report sale to another entity. In addition, all 2009 thru 2013 tax returns do not report 8 %  interest income earned by debtor , approximately $10,000 per year as agreed in purchase and sales agreement for 1097 Eddie Dowling Hgwy, RI. **NOTE 4**

NOTE 3   The CD is a copy of the audio of the March 18, 2014 , 341 Creditor Hearing obtained by creditor John Cianci from Chapter 13 Trustee Jose Carrion. Trustee Carrion requested permission from the court to record the proceeding, and the court granted approval For Authorization to use Electronic Devices inside Courtroom premises (Dkt. No. 11).

NOTE 4 The creditor, John Cianci , debtor's step son, was privy to information to support debtor's previous tax returns were fraudelent submitted and was assisting late mother , Evelyn Chaput, to submit amended returns, however, to his knowledge debtor or his accountant did not submit.

One of the real properties debtor claims income from, 1097 Eddie Dowling Highway , North Smithfield , RI has significant capital gain taxes debtor had not paid, estimated amended tax returns for 2006 and 2007 was approximate $100, 000 of taxes and penalties owed to Virgin Island Bureau Internal Revenue.

4

17. Debtor has not submitted required statement in accordance with Rule 2015 - 1, C page 17, which reads:

c. "*A Chapter 13 debtor who owns real estate or operates as a business shall conduct a search of public is records in the territorial location in which the debtor owns real estate or operates a business in advance of the filing of the petition . Verification of that search and its results, shall be made by filing a statement to that effect with the schedules*".

Debtor bankruptcy filing support debtor operates a business, debtor claims a $100 expenditure from operation of a business , line 16 Schedule J - Current Expenditures of Individual Debtors (Dkt 18 21 of 67 and **Exhibit 4** supports debtor operates a business.

18. Upon information and belief, debtor's plan **does not** include

    a. outstanding taxes owed to USVI, Department of Labor, employer's social security and medicare taxes, **Exhibit 5** , and USVI Gross Receipt Taxes for 2010, 2011, and 2012,

    b. wages and or commissions to property managers assisting debtor with rental business, **Exhibit 6,**

    c. money debtor compensates Sherry Young for her services. **Exhibit 7 and 8,**

    d. plan did not include attached detail statement to support $100 expenditure debtor listed ( Dkt No. 18 page 21 of 67, although block 1 B7(Official Form 7), debtor checks off NONE block for Income from employment or operation of a business,

5

e. plan includes payments to benefit third parties in the possession of and benefiting from use of, Unit 15 Long Reef and 61 Estate St George; nor did the debtor report the indiviiduals in the possession of real property in any of the bankruptcy schedules filed by the debtor,

f. plan does not include approximate $10,000 of interest received as a result of the purchase and sale agreement for 1097 Eddie Dowling Highway, RI ( Dkt No 18 pages 60-67 of 67

g. plan does not include Other Transfers, Official Form B7, block 10. for (1) blanket first priority lien( Dkt 20 page 2) to debtor's attorneys for 4 properties (2) second priority lien for $5 million with a promissary note of favor to Sherry Young ( Dkt 20 page 3 of 5),

19. Upon information and belief, debtor **has not** made payments in accordance with original Chapter 13 Payment Plan( no record on file since original filing in February 2014, Dkt. No. 1, and or amended petition Dkt No. 25 **NOTE 4**, supported by Creditor Flagstar Bank motions (Dkt No. 25) page 5 of 6 reads, item 27:

*"......Because (1) no offer of adequate assurances or any post-petition payments have been received..................."*

Note 4 Audio for March 18, 2014, Attorney Manning indicated payments had been mailed to Trustee Carrion. Moreover, debtor, testified his daughter made the payments. In addition, during a hearing on an adversary proceeding on May 15, 2014, debtor and insiders indicated payments were made.

20. Debtor's plan(s) failed to meet LBR 2015-1 Duty To Make Payments, File Tax Returns, Pay Taxes, and file reports in Chapter 11 and 13 cases:

    a. failed to submit or provide to the trustee not later than seven days before the first 341 meeting of creditors a paper copy of any or all tax returns required under applicable laws. Subsequently, denying creditors rights to examine and rights to ask questions.

21. Plan proposed includes curent expenditures of individual debtor:

    a. Insurance payments for more than one vehicle, information and belief, insurance for 2010 Jeep Wrangler, Schedule H driven by Sherry Young, an unlicense driver as a result of convictions for DUI. Moreover, debtor testified vehicle belonged to his alleged daughter, Dkt No 20 page 4 of 5 detriment to his creditors.

    b. Payments for cell phones in the possession of others and benifit of third parties in detriment to his creditors.

22. Debtor fails to comply with the necessary burden of proof to establish compliance with plan confirmation requirements.

**WHEREFORE**, the Creditor respectfully prays that for the reasons above described the confirmation of the proposed plan be denied.

In St. Croix, U.S Virgin Islands this 3 July, 2014.

*[signature]*
JOHN A CIANCI
CREDITOR

`PO Box 25331 GB

Chtistiansted, VI 00824

Tel (340) 201-4537

EMAIL gulfri@yahoo.com