IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF THE US VIRGIN ISLANDS-ST. CROIX

| | |
|---|---|
| In Re: | ) |
| | ) Case No. 1:14-bk-10003 MFW |
| ROBERT J. CHAPUT, | ) Chapter 13 |
| | ) |
| xxx-xx-0139 | ) |
| Debtor. | ) |
| _____ | ) |

**RENEWAL OF OBJECTION TO CONFIRMATION OF AMENDED PLAN
BY LONG REEF CONDOMINIUM ASSOCIATION**

Creditor, Long Reef Condominium Association (Long Reef), by its attorney, Ellen G. Donovan, hereby renews it objection to the Amended Chapter 13 Plan (the Plan) (Docket No. 45) filed by the Debtor on August 29, 2014. The Plan, as stated, is not feasible, in that the Plan has not established the Debtor's ability to make the payments required under the plan nor has it established the Debtor's ability to comply with the plan as required in 11 USC §1325(a)(6). The purpose of the renewal of the objection filed by Long Reef on October 6, 2014 (Docket No. 59) is to demonstrate the increase in the debt to Long Reef, coupled with the failure of the Debtor to remedy any of the defects in the plan as previously stated. In furtherance of the renewed objection, Long Reef states as follows:

1. On June 6, 2014, Long Reef filed a Proof of Claim (Claim No. 4) claiming enforcement of its statutory lien for payment of common charges owing on Unit 15 Long Reef Condominiums (Unit

Renewal of Objection to Confirmation of Amended Plan by Long Reef Condominium Ass'n
In RE: Robert J. Chaput
Page 2

15). At the time of the filing of the Petition (Docket No. 1), Long Reef was owed Nine Thousand Two Hundred Seventy Three Dollars and Sixty Nine Cents ($9,273.69), as evidenced by the documentation attached to the Proof of Claim.

2. The Debtor has not made any payment of post-petition charges as they have accrued against Unit 15.

3. Between the date of the filing of the Petition and October 6, 2014, the balance owing to Long Reef increased to Twelve Thousand Seven Hundred Fifty Dollars and Ninety Six Cents ($12,750.95). That sum continued to increase each month by the amount of common charges, services and utilities provided to Unit 15. Copies of Statements showing the arrearage from the filing of the Petition through October 1, 2014 were filed as Exhibit A to Long Reef's Objection (Docket No. 59).

4. Between the date of the filing of the original Objection, the arrearage to long Reef has increased to Fourteen Thousand Five Hundred Eighty Three Dollars and Forty Two Cents ($14,583.42). A copy of the Statement showing the increase in arrears between the date of the original Objection and today is attached hereto and made a part hereof and identified as Exhibit A. The arrearage will continue to increase by each month by the amount of common charges, services and utilities charged against the unit.

5. The Plan calls for Long Reef to be paid Ten Thousand Five Hundred Eighty One Dollars ($10,581.00). That sum does not reflect the amount due to Long Reef as of the date of the filing of the Plan and it does not provide for the payment of any of the charges as they accrue.

6. The source of the funding for the payment of the creditors appears to be the proceeds of the sale of Plot 55 La Grande Princesse (Plot 55). The Debtor still has not submitted any contract of sale for the property. In absence of a written contract and an identified closing date, there is no basis to establish that Plot 55 will be sold for any particular price or within any reasonable time. Furthermore, while the proposed proceeds supposedly account for the payment of a brokers commission and back property taxes, it does not account for other normal expenses of sale, such as the two percent (2%) transfer tax computed on the sale price or the assessed value of the property, whichever is higher, which would further reduce the proceeds available to pay the claims.

7. It has now been a year since the petition was filed. There has been no attempt to pay the post petition charges accruing on the Unit. It is worth noting that the unit is occupied. The Debtor has conceded that the unit is rented.

Renewal of Objection to Confirmation of Amended Plan by Long Reef Condominium Ass'n
In RE: Robert J. Chaput
Page 4

    8. It has been almost six (6) months since the Debtor filed his Amended Plan predicated on the sale of Plot 55C La Grande Princesse. It is obvious that the Amended Plan, such as it is, should not be confirmed.

    WHEREFORE, Long Reef requests that the Debtor's Amended Plan not be confirmed, together with such other and further relief as to the court shall seem just and proper.

Dated: February 5, 2015        /s/Ellen G. Donovan
        Ellen G. Donovan
        Attorney for Creditor
        Long Reef Condominium Ass'n
        2116 (53-B) Company Street
        Christiansted, VI 00820
        (340) 773-0464
        VI Bar No. 374
        egdlawvi@yahoo.com

**THIS SPACE INTENTIONALLY LEFT BLANK**

Renewal of Objection to Confirmation of Amended Plan by Long Reef Condominium Ass'n
In RE: Robert J. Chaput
Page 5

**CERTIFICATE OF SERVICE**

    THIS IS TO CERTIFY that on February 5, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send a notification of such file (NEF) to Jose R. Carrion, Chapter 13 Trustee, jcarrion@ch13-pr.com, Yohana Manning, Esq. yohana05@gmail.com, A.J. Stone, III, Esq, ajstone@vilaw.com, Ryan Meade, Esq. flsdbknotices@qpwblaw.com, Guy G. Gebhardt, Guy.gebhardt@usdol.gov, martin.p.ochs@usdoj.gov, Recovery Management System Corporation claims@recovery.com, Scot McChain, Esq. Scot@McChainlaw.com and by mail, postage prepaid, to:

Suzette King
P.O. Box 10020
Kingshill, VI 00851

                                      /s/Ellen G. Donovan
                                      Ellen G. Donovan
                                      Attorney for Creditor
                                      Long Reef Condominium Ass'n
                                      2116 (53-B) Company Street
                                      Christiansted, VI 00820
                                      (340) 773-0464
                                      egdlawvi@yahoo.com